UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TERRY TRIPP, | ) |
| Petitioner, | ) |
| v. | ) No. 2:17-cv-00222-WTL-MJD |
| BRIAN SMITH, I.D.O.C., | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**
**And Directing Entry of Final Judgment**

Terry Tripp, an Indiana inmate incarcerated at the Putnamville Correctional Facility, challenges prison disciplinary action number ISF 17-01-285, in which he was found guilty of physically resisting staff and suffered the loss of fifty-six days of earned time credits as a sanction. Tripp contests his sanctions because he suffers from mental illness and contends prison officials did not follow Indiana Department of Correction (IDOC) policy in the disciplinary proceedings which require the hearing officer to take into account the inmate's mental illness. For the reasons explained below, Tripp's petition for a writ of habeas corpus must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S.

539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Hearing

IDOC Sgt. Elmore filed a Report of Conduct charging Tripp with "fleeing or physically resisting a staff member in the performance of his duty" on January 12, 2017. His report states:

> On 1-12-17, at approximately 0830, I Sgt. Elmore #79, was monitoring Med. Line and as Offender Tripp, Terry DOC# 103679 took his medication, he refused to show that he had swallowed his medication. He ran past me and out the doors of the HCU. I stepped out of HCU and ordered Offender Tripp to stop and return to where I was. He refused screaming and yelling "Fuck you, motherfucker!" as he continued walking away. I again ordered Offender Tripp to stop and come back to me, Offender Tripp then turned around and charged at me. He stopped approximately 1 inch from my face swinging his arms and hands in the air and yelling "F[___] you! Does it make you feel better?" I then placed offender Trip [sic] in mechanical restraints and started to escort him to DRHU. Offender Tripp jerked away from me breaking my grip on his right arm. I called for assistance and officer Cooper arrived and I ordered officer Cooper to escort offender Tripp to DRHU and and [sic] during the escort offender Tripp stopped and continued to resist escort and lost his footing and fell to the ground. Officer Cooper and myself assisted him to his feet and continued the escort to DRHU without further incident. Offender Tripp was identified by his state issued ID and advised of this conduct report.

Report of Conduct, dkt. 1- 2, p. 5; dkt. 8-1, p. 1.

Prison officials provided Tripp with notice of the charge against him and held a hearing a later. Tripp plead guilty to the charge. He did not request any witnesses or physical evidence. In assessing punishment, the hearing officer reviewed the staff reports and Tripp's statement. He assessed sanctions that included the loss of good time credits. Because Tripp does not believe the hearing officer followed proper IDOC policies to consider his mental health issues, Tripp filed administrative appeals which were unsuccessful. This habeas corpus action followed.

## III. Analysis

Tripp brings two issues, which are essentially the same. He contends that the hearing officer was required by IDOC policy to consider his mental health issues, and if he found that the mental health issues were the cause of the inmate's conduct, then impose a reprimand as punishment. *See* IDOC Policy 02-04-101 (found at http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders_6-1-2015.pdf). Because the hearing officer did not follow that policy, Tripp's argument goes, his resulting punishment is too harsh.

Unfortunately for Tripp, federal habeas corpus review of prison disciplinary actions is extremely narrow. Relief pursuant to 28 U.S.C. § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy or even a civil suit settlement agreement, such as the prison policy at issue here is based on, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import – and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review."). Accordingly, Tripp is not entitled to habeas corpus relief on either of his two grounds.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Terry Tripp's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 8/11/2017

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Terry Tripp
103679
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Electronically Registered Counsel